UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALMA AGHA-KHAN, MD.,<br><br>            Plaintiff,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON, et al.,<br><br>            Defendants. | Case No. 2:16-cv-02651-RFB-PAL<br><br>ORDER<br><br>(Mot Demand Security Costs – ECF No. 32) |

      Before the court is SFR Investments Pool 1, LLC's ("SFR") Renewed Demand for Security of Costs Pursuant to NRS 18.130(1) (ECF No. 32).

      On January 27, 2017, the court entered an Order (ECF No. 23) that denied without prejudice SFR's motion for demand of security costs, and ordered Plaintiff Salma Agha-Khan to file a declaration under penalty of perjury, no later than February 9, 2017, explaining where she resides, and on what basis she claims to be a resident of Clark County, Nevada as well as Los Angeles County and Kern County California.  Agha-Kahn was warned that failure to timely comply with the court's order may result sanctions up to and including that Plaintiff's complaint be dismissed.

      Agha-Khan filed an Opposition Re: SFR Investments Pool I, LLC's Demand for Cecurity [sic] of Costs Pursuant to NRS 18.130(1); Declaration of Salma Agha-Khan, MD: Proof of Service and Service List (ECF No. 25) February 3, 2017.  The response describes the nature of Plaintiff's claims against the defendants and asks that the court deny SFR's request for security for costs. Plaintiff states the demand is frivolous, "no other defendants has tried to serve the Plaintiff with any oppositions, motions in person", Plaintiff works out of town for prolonged periods and her "house sitter has medical illness and must be harassed for useless visits." The response attached a declaration which does not comply with the court's order that Plaintiff explain under penalty of

1

perjury where she resides and on what basis she claims to be a resident of Clark County, Nevada, as well as Los Angeles County and Kern County California.  The declaration states it was executed in Los Angeles, California.

SFR filed the instant motion requesting again, pursuant to NRS 18.130(1), that Agha-Khan be required to post a $500 cost bond for security of costs based upon Agha-Khan's failure to provide any proof that she resides in Clark County, Nevada.  SFR requests that these proceedings be stayed until such cost bond is posted.  SFR further requests that if Agha-Khan fails to comply with the requirements of NRS 18.130 within 30 days, that this action be dismissed, or alternatively, that this action be dismissed for Agha-Khan's failure to failure to comply with this court's Order (ECF No. 23) explaining where she resides.

It is evident Agha-Khan is receiving documents and orders entered in this case served by mail at the Las Vegas address listed on the complaint on the court's docket.  However, when SFR attempted to serve her in person at the address in another pending case, the affidavit of attempted service indicates a man answered the door at the address and told the process server Agha-Khan had not lived at the address for a long time and her whereabouts were unknown.  The court ordered Plaintiff to file a declaration under penalty of perjury explaining where she lives because of these representations made under penalty of perjury in the affidavit of attempted service, and because Plaintiff's complaint states she lives in 3 different places.  If Agha-Khan does not live in Nevada SFR is entitled to a $500 cost bond or cash deposit under the Nevada statute SFR cites.  This case is in federal court based on diversity jurisdiction, and this court therefore enforces the requirements of NRS 18.130.

A review of the docket reflects Summons was issued for SFR (and multiple other defendants) at Plaintiff's request on November 18, 2015 (ECF No. 2).  The summons issued to SFR and the other defendants list the address at which an answer or motion must be served on Plaintiff as 3751 Motor Avenue #34727 Los Angeles, CA 90034.  Plaintiff has not filed proof of service on SFR or any other defendant.  However, multiple defendants have responded to the complaint by filing answers or motions to dismiss. SFR demanded security for costs before filing an answer or other responsive pleading.  As Plaintiff has not complied with the court's order to

explain in a declaration under penalty of perjury on what basis she claims to be a resident of Las Vegas, Nevada, and provides a Los Angles California address as the address at which an answer or motion must be served on the summons she requested be issued in this case, the court will grant SFR's motion for a cost bond or cash deposit. However, the court will not stay the case as to any other parties who have made an appearance.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. SFR's Renewed Demand for Security of Costs Pursuant to NRS 18.130(1) (ECF No. 32) is **GRANTED in that** Plaintiff Agha-Khan shall post a $500 cost bond with the clerk of court, or make a cash deposit of $500.00 with the clerk of court no later than **March 23, 2017**.

2. SFR shall not be required to serve an answer or responsive pleading unless and until the cost bond or cash deposit is deposited.

3. Plaintiff's failure to timely comply with this order may result in the imposition of sanctions up to and including a recommendation to the district judge that SFR be dismissed.

DATED this 22nd day of February, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3