# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

SALMA AGHA-KHAN, MD.,

Plaintiff,

v.

THE BANK OF NEW YORK MELLON, *et al.*,

Defendants.

Case No. 2:16-cv-02651-RFB-PAL

**ORDER**

Defendants' Motions to Dismiss (ECF Nos. 44, 64, 68, and 82);

Plaintiff's Motions for Sanctions (ECF Nos. 42 and 77)

## I. INTRODUCTION

Before the Court are Motions to Dismiss filed by Defendants Bayview Loan Servicing, LLC ("Bayview"); Dorka Bouza ("Bouza"), Matt Martin Real Estate Management ("MMREM"), Charlotte Olmos ("Olmos"), and SFR Investments Pool 1 ("SFR Investments"). (ECF Nos. 44, 64, 68, and 82). Also before the Court are Plaintiff's Motions for Sanctions. (ECF Nos. 42 and 77). For the reasons stated below, Defendants' Motions to Dismiss are granted and Plaintiff's Motions for Sanctions are denied.

## II. BACKGROUND

The following factual background is taken from Plaintiff's Complaint filed on November 18, 2016. (ECF No. 1).

Plaintiff's claims largely center around two alleged frauds perpetrated against her that led to the sale of her Las Vegas home in a non-judicial foreclosure sale. First, Plaintiff alleges that when she originally purchased her home in 2005, Defendant Aspen Mortgage never recorded a deed to the property and "simply pocketed" over $200,000 that Plaintiff paid as a down payment.

Plaintiff claims that she then unknowingly paid $5,000 a month in mortgage payments and later paid another $50,000 toward a loan modification program, despite the fact that the various Defendants had no recorded interest in her property. Second, Plaintiff claims that the homeowner's association that eventually foreclosed on her property did so based on inaccurate past due payments that Plaintiff did not actually owe.

Plaintiff filed her Complaint filed on November 18, 2016. (ECF No. 1). Defendants Bayview Bouza, and MMREM filed a Motion to Dismiss Plaintiff's complaint on March 6, 2017. (ECF No. 44). Defendant SFR Investments filed a Motion to Dismiss on April 13, 2017. (ECF No. 64). Defendant Olmos filed a Motion to Dismiss on April 25, 2017. (ECF No. 68). On July 10, 2017, Defendant MMREM filed an Amended Motion to Dismiss. (ECF No. 82). Plaintiff filed Motions for Sanctions on March 1, 2017 and May 31, 2017. (ECF No. 42); (ECF No. 77).

### III. LEGAL STANDARD
#### A. Rule 12(b)(6)

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a pro se complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal citations and quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quotation and citation omitted). In deciding a motion to dismiss under Rule 12(b)(6), the district court's review is limited to the complaint itself; the court does not decide at this stage whether the plaintiff will ultimately prevail on her claims, but rather whether she may offer evidence to support those claims. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

If the district court relies on materials outside the pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, two exceptions to this rule exist. First, the court may consider extrinsic material "properly submitted as part of the complaint," meaning documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. Lee, 250 F.3d at 688 (citation omitted). Second, the court "may take judicial notice of matters of public record." Id. (citation omitted) (internal quotation marks omitted).

**IV. DISCUSSION**
    **A. Motions to Dismiss**
        ***a. Defendant Olmos' Motion to Dismiss for Insufficient Service of Process***
            *i. Legal Standard*

The Court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Federal Rule of Civil Procedure 4(e) provides that service may be effectuated either by serving the individual in any manner allowed under the laws of the state where the district court is located or by doing any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Nevada state law regarding service tracks the Federal Rule of Civil Procedure and does not provide any alternative means for serving an individual defendant. Nev. R. Civ. P. 4(d)(6). Under Federal Rule of Civil Procedure 4(m), the Court must dismiss an action without prejudice if a defendant is not served within 90 days of the filing of the complaint.

### ii. Discussion

Plaintiff's proof of service indicates that Defendant Charlotte Olmos was served "c/o First American Title Insurance" at the address for First American Title Insurance. (ECF No. 49 at 14). As First American Title Insurance is Defendant Olmos' former employer, and not her dwelling or usual place of abode, this service would only be sufficient if Defendant Olmos was served personally at that location. As Plaintiff indicates that the summons was left with a security guard at First American and Defendant Olmos includes a declaration stating that she has not appointed anyone at First American to be her agent for service purposes, the Court finds that service of process against Defendant Olmos was insufficient. The Complaint was filed on November 18, 2016, well over 90 days ago. The Court will therefore dismiss Defendant Olmos from this case with prejudice.

### b. First Cause of Action – Fraudulent Misrepresentation

#### i. Legal Standard

In Nevada, the plaintiff must allege the following elements for fraudulent misrepresentation: (1) A false representation made by the defendant; (2) defendant's knowledge

or belief that its representation was false or that defendant has an insufficient basis of information for making the presentation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; (4) plaintiff justifiably relied on the defendant's misrepresentation or omission, and (5) damage to the plaintiff as a result of justifiable reliance on the misrepresentation. Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1386 (Nev. 1998).

In order to survive a Motion to Dismiss on a fraud claim, the plaintiff must "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This rule applies to fraud claims under state law as well as federal claims. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). To meet the particularity requirement of Rule 9(b), the complaint must identify the "who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011)). Moreover, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (citations and internal quotation marks omitted).

*ii. Discussion*

1. ECF No. 44 – Defendants Bayview, Bouza, and MMREM

In her Complaint, Plaintiff makes the following allegations regarding Defendants Bayview, Bouza, and MMREM's participation in the alleged fraudulent misrepresentation. "At all times mentioned, and in particular on September 29, 2015, Defendant Bayview Loan Servicing, LLC, ("Bayview") a business entity form unknown, holding itself out to be a Limited Liability Corporation existing under the laws of the state of Florida, participated in the fraudulently filed and forged and wrongfully recorded documents which contributed to clouding of Title and

continued loss of Plaintiff's Terlano property. At all times mentioned, and in particular on September 29, 2015, Defendant Dorka Bouza, ("Bouza") held herself out to be Vice President of Bayview, and participated in the fraudulent loan, foreclosure, forgeries and wrongfully recorded documents which contributed to clouding of Title and continued loss of Plaintiff's Terlano property. At all times mentioned MMREM (Matt Martin Real Estate Management), a Texas real estate management company form unknown requested the recording of 'Request for Notice' on Plaintiff's Terlano property and is believed to be involved with Bayview Loan Servicing LLC." (ECF No. 1 at ¶¶ 66-68). "On or about September 29, 2015, Defendant Bayview Loan Servicing requested and fraudulently recorded Notice of filings upon Terlano. Plaintiff is informed and believes Bayview is claiming some interest in her Terlano property derived from Defendant Aspen, Defendant MERS, and or other Defendants since 2015 causing added fraudulent documents to be recorded against her property Terlano." Id. at ¶¶ 121-122.

Plaintiff has failed to plead the elements of fraudulent misrepresentation against these Defendants with sufficient particularity. Based on the allegations in her Complaint, which the Court accepts as true for the purposes of this motion, these Defendants at most were involved with recording a notice regarding her property that she alleges to be false. Plaintiff does not allege how these Defendants would have known that the notice they were recording was false or any facts indicating that they had an insufficient basis of information for making the representation, as required under Nevada law. Barmettler, 956 P.2d at 1386. Plaintiff also does not specify what interest Bayview is claiming in her property or why that interest is fraudulent. The first cause of action for fraudulent misrepresentation is dismissed against Defendants Bayview, Bouza, and MMREM. This cause of action is dismissed with prejudice as the Court finds that Plaintiff has no provided a sufficient basis for amendment.

2. ECF No. 64 – Defendant SFR Investments

In her Complaint, Plaintiff alleges that Defendant SFR Investments had documents recorded which falsely indicated that it had purchased Plaintiff's home in an HOA foreclosure sale, despite the fact that the HOA debt that led to the foreclosure sale was false. (ECF No. 1 at ¶ 47). Once again, Plaintiff has failed to allege how Defendant SFR Investments would have known

that the debt Plaintiff owed on the property was false or any facts indicating that it had an insufficient basis of information for making the representation, as required under Nevada law. Barmettler, 956 P.2d at 1386. The first cause of action for fraudulent misrepresentation is dismissed as to Defendant SFR Investments with prejudice as Plaintiff has not established any basis for this claim.

### c. Second Cause of Action – Nevada Uniform Transfer Act

#### i. Legal Standard

The Nevada Uniform Fraudulent Transfer Act was "designed to prevent a debtor from defrauding creditors by placing the subject property beyond the creditors' reach." Herup v. First Boston Fin., LLC, 162 P.3d 870, 872 (Nev. 2007). The act makes it a fraud for a debtor to transfer or incur obligations on property with the intention of avoiding paying a debt to a creditor. N.R.S. 112.180; N.R.S. 112.190.

#### ii. Discussion

The Nevada Uniform Fraudulent Transfer Act is inapplicable to these Defendants, as the statute protects creditors from debtors, and none of these Defendants were alleged to be debtors to the Plaintiff. Therefore, the second cause of action is dismissed as to Defendants Bayview, Bouza, MMREM, and SFR Investments.

### d. Fifth Cause of Action – N.R.S. 645 and 675

#### i. Legal Standard

N.R.S. 645 sets out various regulations concerning real estate brokers and salespersons, including prohibited acts and penalties. N.R.S. 675 regulates installment loans, including licensing, insurance, and collection practices. N.R.S. 675 generally does not apply to firms and corporations whose principal purpose is lending money for real property secured by mortgages. N.R.S. 675.040.

#### ii. Discussion

The provisions that Plaintiff cites from N.R.S. 645F relate to penalties for fraud and deceit in foreclosure purchases. As discussed above, Plaintiff has failed to allege specific facts indicating that any of the Defendants at issue here knowingly participated in a fraud through their roles in the

foreclosure sale or in recording documents related to the subject property. Plaintiff's Complaint fails to indicate which provisions of N.R.S. 675 were violated by which Defendants. Therefore, Plaintiff has failed to state a claim against these Defendants for violations of N.R.S. 645 or 675. The fifth cause of action is dismissed against Defendants Bayview, Bouza, MMREM, and SFR Investments. The Court finds that the Plaintiff has not asserted any basis that would support amendment.

### e. Sixth, Seventh, Eighth, and Tenth Causes of Action

The Court notes that the Complaint states that the seventh cause of action is against "all foreclosing Defendants" and the eighth and tenth causes of action are against "all lending and foreclosing Defendants," but Plaintiff does not define these terms in her Complaint. As the Complaint does not allege that Defendants Bayview, Bouza, MMREM, or SFR Investments loaned money to Plaintiff or assisted in foreclosing on Plaintiff's property, the Court will not interpret these claims as applying to these Defendants at this time.

### f. Ninth Cause of Action – Negligence

#### i. Legal Standard

In Nevada, "to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc., 221 P.3d 1276, 1280 (Nev. 2009). The existence of a duty is "a question of law to be determined solely by the courts." Turner v. Mandalay Sports Entertainment, LLC, 180 P.3d 1172, 1177 (Nev. 2008). Breach and proximate cause, however, are generally questions of fact for the jury to decide. Foster v. Costco Wholesale Corp., 291 P.3d 150, 153 (Nev. 2012); Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001). While the tort of negligence can be committed by parties to a contract, the alleged breach must be of a duty imposed by law independent of any contractual duty. Bernard v. Rockhill Dev. Co., 734 P.2d 1238, 1240 (Nev. 1987).

#### ii. Discussion

Plaintiff's negligence claim is alleged against all Defendants and conclusorily recites the elements of negligence without specifying how each Defendant was negligent. She states that all

Defendants owed her a duty of care because "they were claimed, attorneys, notaries, public servants, lenders, recorders, homeowner associations, and agents and representatives of these Defendants." (ECF No. 1 at 40). She states that Defendants breached their duty of care because they violated various statutes already pled and violated Plaintiff's consumer rights. Id. She further states that the fact that they "failed to take appropriate steps necessary to comply with this duty was the actual and proximate cause of damages to Plaintiff." Id. These mere recitations of the law are insufficient to state a claim for negligence against the individual Defendants at issue here.

Looking at the specific allegations Plaintiff makes against these Defendants elsewhere in her Complaint, the Court finds that Plaintiff still has not stated a claim for negligence against any of them. As previously discussed, Plaintiff claims that Defendants Bayview, Bouza, and MMREM assisted in recording false notices regarding her property, but does not include any specific allegations as to how these Defendants would have known the information they were recording was false or whether they had insufficient information to make representations regarding her property. Plaintiff similarly alleges that Defendant SFR Investments had documents recorded which falsely indicated that it had purchased Plaintiff's home in an HOA foreclosure sale, despite the fact that the HOA debt that led to the foreclosure sale was false. Once again, Plaintiff has failed to allege how Defendant SFR Investments would have known that the debt Plaintiff owed on the property was false or any facts indicating that it had an insufficient basis of information for making this representation. The Court does not find a basis for a negligence claim against any of these Defendants based on the information in the Complaint. The ninth cause of action is dismissed against Defendants Bayview, Bouza, MMREM, and SFR Investments.

### g. *Eleventh Cause of Action – Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692)*

#### i. *Legal Standard*

The Fair Debt Collection Practices Act (FDCPA) regulates interactions between consumer debtors and "debt collectors," defined to include any person who "regularly collects ... debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or

legal status." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010). The FDCPA provides for a private cause of action against any debt collector who fails to comply with one of its provisions. 15 U.S.C. § 1692k.

### ii. Discussion

First, the Court notes that it is unclear from the Complaint whether any of the individual Defendants at issue here would be considered "debt collectors" for purposes of the FDCPA. Plaintiff has not alleged that any of these Defendants attempted to collect a debt from her or that they regularly collect "debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Even if the FDCPA did apply to these Defendants, the provision that Plaintiff claims they violated only prohibits using "false, deceptive, or misleading representation or means *in connection with the collection of any debt*." 15 U.S.C. § 1692e (emphasis added). Plaintiff alleges that these Defendants recorded false information regarding her debt, but she does not allege that they did so in connection with the collection of a debt from her. Plaintiff alleges that Defendants Bayview, Bouza, and MMREM recorded a false notice regarding her property, but does not state that they were attempting in any way to assist in collecting a debt from her when they did so. Plaintiff alleges that Defendant SFR Investments recorded false information regarding her property after it had already purchased her property from another party, but does not state that at any point SFR Investments attempted to collect a debt from her. The eleventh cause of action is dismissed against Defendants Bayview, Bouza, MMREM, and SFR Investments.

### h. Twelfth Cause of Action – Defamation

#### i. Legal Standard

To state a claim for defamation under Nevada law, Plaintiff must allege: (1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. Chowdhry v. NLVH, Inc., 851 P.2d 459, 462 (Nev. 1993).

#### ii. Discussion

In her Complaint, Plaintiff alleges that "Defendants caused to be falsely published that Plaintiff could not afford to pay her mortgage, which was categorically untrue, and that Plaintiff

was not able to pay or refused to pay her homeowner associations obligations which was also categorically untrue." (ECF No. 1 at 46). She alleges that these publications were made recklessly or intentionally, that there was no privilege for these publications, and that these publications caused her damages. Id. As discussed above, Plaintiff has not alleged any specific facts regarding how the allegedly false publications made by these Defendants were negligent, reckless, or intentional. Plaintiff cannot merely recite the elements of the law in her Complaint, but must provide supporting factual allegations. The twelfth cause of action is dismissed against Defendants Bayview, Bouza, MMREM, and SFR Investments.

### i. Thirteenth Cause of Action – False Light

#### i. Legal Standard

False light is similar to defamation in that it "requires at least an implicit false statement of objective fact… And just like public figure defamation, it requires actual malice--knowing or reckless disregard of the truth." Flowers v. Carville, 310 F.3d 1118, 1132 (9th Cir. 2002) (internal citations omitted). "In Nevada, however, false light extends beyond defamation in one respect: A plaintiff need not show injury to reputation. The false light privacy action differs from a defamation action in that the injury in privacy actions is mental distress from having been exposed to public view, while the injury in defamation actions is damage to reputation." Id. (internal citations and quotations omitted).

#### ii. Discussion

Plaintiff's claim for false light also fails because she has not alleged specific facts regarding malice. Plaintiff's cause of action for false light alleges that "Defendants widely and intentionally or recklessly caused the publication of false and damaging information which identifies the Plaintiff; and places the Plaintiff in a 'false light' that would be highly offensive to a reasonable person." (ECF No. 1. at 47). Her Complaint does not provide any factual allegations regarding whether these specific Defendants knew or should have known that the information they published about her was false, however. The thirteenth cause of action for false light is dismissed against Defendants Bayview, Bouza, MMREM, and SFR Investments.

### j. Fourteenth Cause of Action – Slander of Title and Quiet Title

### i. Legal Standard

An action for quiet title "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Although a "plea to quiet title does not require any particular elements, ... each party must plead and prove his or her own claim to the property in question." Chapman v. Deutsche Bank Nat'l Trust Co., 302 P.3d 1103, 1106 (Nev. 2013) (internal citations and quotation marks omitted). To state a slander of title claim, a plaintiff must allege a "false and malicious communication, disparaging to [his] title in land, and causing special damage." Exec. Mgmt., Ltd. v. Ticor Title Ins. Co., 114 Nev. 823, 842, 963 P.2d 465, 478 (1998).

### ii. Discussion

First, the Court finds that Plaintiff has not stated a claim for slander of title against the Defendants at issue here because she has not alleged malice in any of the allegedly false statements that they made regarding her property – that the Defendants knew or should have known that the statements were false. Second, the Court finds that Plaintiff cannot maintain a quiet title claim against Defendants Bayview, Bouza, or MMER because she has not specified what interest they are claiming in the property. The only facts that Plaintiff alleges regarding these Defendants involves recording a single notice related to her property, which does not imply that they are claiming an interest in the property for themselves. Merely stating conclusorily that she believes Defendants are claiming an interest is insufficient to state a claim. Finally, the Court finds that Plaintiff also cannot maintain a quiet title claim against Defendant SFR Investments under these facts because she has not pled with particularity why SFR Investment's interest in the property fails. She alleges vaguely that the property was fraudulently sold to SFR through a foreclosure sale based on inaccurate HOA dues that she did not actually owe. She then alleges that "Defendant SFR is not a bona fide purchaser, and the Defendant SRF schemed to defraud and did defraud Plaintiff in combination with other defendants, to steal her one million dollar property, for $9,200.00." (ECF No. 1 at 33). As discussed above, Plaintiff has failed to adequately state a claim for fraud against Defendant SFR Investments. Additionally, Plaintiff has failed to make any specific factual allegations to support her claim that SFR was not a bona fide purchaser for value.

The Court finds that Plaintiff has not provided sufficient specific allegations to maintain a quiet title claim against Defendant SFR Investments. The fourteenth cause of action is dismissed against Defendants Bayview, Bouza, MMER, and SFR Investments.

### k. Fifteenth Cause of Action – Punitive Damages

#### i. Legal Standard

In Nevada, punitive damages are a form of relief, not a cause of action. A plaintiff is not automatically entitled to punitive damages. Bongiovi v. Sullivan, 138 P.3d 433, 450 (Nev. 2006). Punitive damages are only awarded if a plaintiff shows a defendant is "guilty of oppression, fraud or malice, express or implied." Id. at 450-51.

#### ii. Discussion

Plaintiff cannot maintain a separate cause of action for punitive damages and as all other causes of action have been dismissed against these Defendants, the fifteenth cause of action for punitive damages is also dismissed against Defendants Bayview, Bouza, MMREM, and SFR Investments.

### B. Motions for Sanctions

Plaintiff has filed two Motions for Sanctions, one against Defendant Bank of New York Mellon and other Defendants for allegedly presenting false and misleading evidence to the Court in their Motions to Dismiss, and another against Defendant First American Title Insurance for allegedly misrepresenting to the Court that it personally served her. (ECF Nos. 42, 77). Plaintiff states that she is filing her Motions for Sanctions pursuant to various rules and statutes, including Federal Rules of Civil Procedure 15(a)(2), 15(d), and 20(a)(c) and 28 U.S.C. § 1927. The Court notes that these portions of the Federal Rules of Civil Procedure do not pertain to sanctions. 28 U.S.C. §1927 allows a court to require an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[1] Plaintiff's first Motion for Sanctions is largely based upon her own allegations that the documents Defendants submitted with their Motions to

---

[1] To the extent that Plaintiff attempts to bring these claims under Federal Rule of Civil Procedure 11, the Court will not entertain these motions, as Defendants were not given the requisite 21 days to respond. Fed. R. Civ. P. 11(c)(2).

Dismiss were false. (ECF No. 42). As this question forms the central dispute in this case and has not been decided yet, the Court will dismiss this motion without prejudice. Plaintiff's second Motion for Sanctions is based on her argument that Defendant First American Title Insurance made a misrepresentation to the Court when it stated that she had been personally served at her home because she was not home at the time of service. However, as Defendant points out, the Federal Rules of Civil Procedure for an individual to be served by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(b). As Plaintiff was lawfully served, the Court does not find that any slight discrepancy in wording is sufficient to warrant sanctions under 28 U.S.C. §1927 or any other applicable statute. Plaintiff's Motion for Sanctions against Defendant First American Title Insurance Company is denied with prejudice.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Olmos' Motion to Dismiss for Insufficient Service of Process (ECF No. 68) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants Bayview, Bouza, and MMREM's Motion to Dismiss (ECF No. 44) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant MMREM's Amended Motion to Dismiss (ECF No. 82) is DENIED as moot.

**IT IS FURTHER ORDERED** that Defendant SFR Investment's Motion to Dismiss (ECF No. 64) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Sanctions (ECF Nos. 42 and 77) are DENIED.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Continue District Judge Hearing (ECF No. 85) is DENIED as moot.

**DATED** this 30th day of March, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**