UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SALMA AGHA-KHAN, MD., | Case No. 2:16-cv-02651-RFB-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| THE BANK OF NEW YORK MELLON, *et al.*, | |
| Defendants. | |

**I.     INTRODUCTION**

Before the Court is a Motion for Summary Judgment by Defendants Bank Of New York Mellon, Merscorp Holdings, Inc., and Mortgage Electronic Registration Systems, Inc. ECF No. 174. Because the Court grants the Motion on a basis that applies to all Defendants and claims, the Court denies all other pending motions and closes the case.

**II.    BACKGROUND**

The following factual background is taken from Plaintiff's Complaint filed on November 18, 2016. ECF No. 1.

Plaintiff's claims largely center around two alleged frauds perpetrated against her that led to the sale of her Las Vegas home in a non-judicial foreclosure sale. First, Plaintiff alleges that when she originally purchased her home in 2005, Defendant Aspen Mortgage never recorded a deed to the property and "simply pocketed" over $200,000 that Plaintiff paid as a down payment. Plaintiff claims that she then unknowingly paid $5,000 a month in mortgage payments and later paid another $50,000 toward a loan modification program, despite the fact that the various

Defendants had no recorded interest in her property. Second, Plaintiff claims that the homeowner's association that eventually foreclosed on her property did so based on inaccurate past due payments that Plaintiff did not actually owe.

Plaintiff filed her Complaint filed on November 18, 2016. ECF No. 1. Defendants Bank Of New York Mellon, Merscorp Holdings, Inc., and Mortgage Electronic Registration Systems, Inc. filed a Motion for Summary Judgment on August 22, 2018. ECF No. 174.

### III. LEGAL STANDARD

#### a. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

#### b. Judicial Estoppel

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). Courts "invoke[ ] judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts." Id. (citation and internal quotation marks omitted). There are three

factors courts consider in determining whether to apply judicial estoppel: (1) the party's later position must be "clearly inconsistent" with its earlier position; (2) the party has succeeded in persuading a court to accept that party's earlier position so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled[;]" and (3) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Id. at 782–83 (quoting New Hampshire v. Maine, 532 U.S. 742 (2001)).

**IV.  DISCUSSION**

The property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Property" includes causes of action. United States v. Whiting Pools, Inc., 462 U.S. 198, 204-05 n.9 (1983). Any asset that is not abandoned by the trustee and is not administered before the case is closed, which can only occur if the asset is disclosed by the debtor, remains property of the estate. 22 U.S.C. § 554(d). "If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." Ah Quin v. Cty. of Kauai Dep't of Transp., 733 F.3d 267, 271 (9th Cir. 2013).

On May 31, 2010 Plaintiff filed a Chapter 7 Voluntary Bankruptcy Petition in the U.S. Bankruptcy Court for the Eastern District of California. ECF No. 174, Ex. O. Plaintiff's bankruptcy schedule did not reflect the present cause of action and she did not supplement the schedule at any time to include it. See ECF No. 174, Ex. P, pg. 7. Plaintiff's bankruptcy was discharged on September 23, 2010. ECF No. 174, Ex. O. On November 18, 2016, Plaintiff filed the present lawsuit. ECF No. 1.

The Court finds that Plaintiff's cause(s) of action developed before she filed for Bankruptcy. Plaintiff's Complaint indicates her awareness of the claims during her Bankruptcy proceedings.[1] In her Response to Defendants' Motion for Summary Judgment, Plaintiff does not

---

[1] The Court further takes judicial note of Plaintiff's statements in in her sworn complaint [ECF No. 1] in the case of 2:17-cv-02739-GMN-CWH. In that case, she also explicitly acknowledges that she was aware of the basis for her claims in this case before and during her

- 3 -

deny that she knew the claims were available to her at that time. Therefore, Plaintiff's failure to list her claims on her bankruptcy schedules and her present lawsuit represent inconsistent positions. Because she represented in her bankruptcy case that no claims existed, she is now estopped from representing that claims do exist. The Court's conclusion bars all of Plaintiff's claims against all Defendants in this case as the Court finds that all of her claims were known to her prior to and during her bankruptcy proceeding.

The Court also notes that Plaintiff raised essentially the same claims in her case 2:17-cv-02739-GMN-CWH. In that case, the Honorable Chief Judge Gloria Navarro also concluded that the Plaintiff was estopped from essentially the same allegations for the same reasons, i.e., that she had not properly disclosed her claims in her bankruptcy proceedings.

### IV. CONCLUSION

**IT IS ORDERED** that Plaintiff's Request to Strike (ECF No. 182) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 174) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment for all defendants in this case.

**IT IS FURTHER ORDERED** that all other pending motions (ECF Nos. 90, 93, 110, 111, 117, 118, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 150, 157, 158, 160, 162, 165, 166, 168, 169, 183) are **DENIED** as moot. The Clerk of Court is instructed to close this case accordingly.

**DATED:** September 26, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

bankruptcy proceedings.