**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| SALMA AGHA-KHAN, MD., | Case No. 2:16-cv-02651-RFB-PAL |
| Plaintiff, | **<u>ORDER</u>** |
| v. | |
| THE BANK OF NEW YORK MELLON, *et al.*, | |
| Defendants. | |

## I.   INTRODUCTION

Before the Court are Plaintiff's Objection to Magistrate Judge's Order and Request to Hear Pending Motions for Imposing Sanctions on Defendants (ECF Nos. 186, 187) and Plaintiff's Motion to Reconsider Order (ECF No. 191).  For the reasons stated below, Plaintiffs' motions are denied.

## II.   BACKGROUND

On November 18, 2016, Plaintiff filed her Complaint, alleging frauds perpetrated against her that led to the sale of her Las Vegas home in a non-judicial foreclosure sale.  ECF No. 1.  On September 26, 2018, the Court issued an Order granting summary judgment in favor of Defendants.  ECF No. 184.  The Court found that Plaintiff's cause(s) of action developed before she filed for bankruptcy in 2010 and that she knew the claims were available to her at the time she filed for bankruptcy.  Because Plaintiff represented in her bankruptcy case that no claims existed, the Court found that Plaintiff is now estopped from representing that claims do exist.

On September 26, 2018, Plaintiff filed the instant Objection to Magistrate Judge's Order and Request to Hear Pending Motions for Imposing Sanctions on Defendants. ECF Nos. 186, 187. On October 12, 2018, Plaintiff filed the instant Motion to Reconsider, which the Court construes as a motion to alter or amend the judgment pursuant to Rule 59(e).

## III.    LEGAL STANDARD

### A.  Motion for Reconsideration

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation and internal quotation marks omitted). Motions to reconsider are appropriately granted where the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004) (quoting Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993)).

### B.  Objection to Magistrate Judge's Order

Pursuant to Rule 72, this Court "must consider timely objections" to any non-dispositive order issued by a magistrate judge "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## IV.    ANALYSIS

### A.  Motion for Reconsideration

Plaintiff fails to present the Court with newly discovered evidence, show that the Court committed clear error or that its initial decision was manifestly unjust, or point to any intervening change in controlling law.

Many of Plaintiffs' arguments go to the merits of her claims, which were not addressed by this Court due to its application of the judicial estoppel doctrine. Because the Court continues to

/ / /

- 2 -

find that Plaintiff knew her claims were available to her when she represented in her bankruptcy case that no claims existed, the Court does not reach the merits of the underlying action.

Plaintiff alleges that she was unaware of her claims when she filed for bankruptcy in 2010. Because Plaintiff does not present newly discovered evidence, the Court maintains its previous factual finding.

Plaintiff argues that summary judgment was improper because the Court failed to follow its own order issued September 29, 2017. At that time, the Court denied the pending Motions to Dismiss and Motion for Summary Judgment without prejudice and provided two weeks for the motions to be refiled as summary judgment motions with additional evidence. ECF No. 89. The Court did not in any way preclude Defendants from filing motions for summary judgment later in the litigation. Plaintiff provides no legal reason why Defendants should have been precluded from moving for summary judgment in 2018.

Plaintiff also argues that the Court's failure to hold a hearing before granting summary judgment violated her procedural due process rights. Plaintiff does not contest that she had the opportunity to oppose Defendants' dispositive motions. Because the Court's order granting summary judgment did not deprive Plaintiff of a property interest, no hearing requirement applies.

Lastly, Plaintiff argues that Defendants perpetuated fraud on this Court. Because Plaintiff submits no newly discovered evidence supporting her allegation that Defendants' documents were forged, the Court will not reconsider its Order on this basis or order sanctions.

**B.  Objection to Magistrate Judge's Order**

Plaintiff argues that the Magistrate Judge clearly erred when she stayed discovery on September 17, 2018 pending the resolution of the dispositive motions. ECF No. 80. Plaintiff bases this contention on its argument above that Defendants filed their dispositive motions late based on the Court's September 29, 2017 order. As discussed above, Defendants were not precluded from filing dispositive motions in 2018 and Magistrate Judge Leen committed no error. Moreover, in light of the Court's entry of judgment and termination of this matter, Plaintiff's challenge to the Magistrate Judge's stay of discovery is moot.

/ / /

**C.  Motion for Sanctions**

Plaintiff alleges that her Motion for Sanctions at ECF Nos. 42, 77, 158, 166, 183 still require a ruling.  The Court denied these motions at ECF Nos. 107 and 184.  To the extent Plaintiff renews her motion for sanctions based on her allegation that Defendants have attached forged documents to their latest filings, the Court does not find this allegation to be supported by evidence. The Court therefore does not make findings that would warrant sanctions under any applicable statute.

**IV.     CONCLUSION**

**IT IS ORDERED** that Plaintiff's Objection to Magistrate Judge's Order and Request to Hear Pending Motions for Imposing Sanctions on Defendants (ECF Nos. 186, 187) and Plaintiff's Motion to Reconsider Order (ECF No. 191) are DENIED.

**DATED** this <u>3rd</u> day of December, 2018.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**